UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KIM J. GALVAN,<br><br>   Petitioner,<br><br>vs.<br><br>JORGE ESCOBAR, a Probation Officer, Santa Clara County Probation Department,<br><br>   Respondent. | Case No: C 11-0770 SBA<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner, who is currently on probation, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to challenge her state court conviction for possession for sale of methamphetamine. Having read and considered the papers submitted, and being fully informed, the Court DENIES the petition.

## I.   BACKGROUND[1]

Petitioner lived in an apartment in San Jose, California, with her sister, parolee Michelle Coleman ("Coleman"). Petitioner's husband, Richard Carasco ("Carasco"), was an inmate at Salinas Valley State Prison. Prison officials believed that Petitioner and Coleman were smuggling drugs to Carasco, and contacted the Santa Clara County Narcotics Enforcement Team, which arranged for a parole search of Coleman's residence. Petitioner was present and allegedly detained at the time the search was executed, and admitted to the officers that she possessed methamphetamine. Upon Petitioner's consent, the officers searched her room and found three baggies of methamphetamine in her

---

[1] The following facts are taken from the Court of Appeal's unpublished disposition affirming the judgment. People v. Galvan, No. H033280, 2009 WL 1913267 (2009).

nightstand along with cash and "pay-owe notes" in the closet.  Petitioner was thereafter charged with possession for sale of methamphetamine.

Petitioner filed a motion to suppress on the ground that the officers lacked a search warrant.  The prosecution responded that the warrantless entry of the apartment was justified pursuant to the conditions of Coleman's parole, and that Petitioner consented to the search of her bedroom.  The trial court denied the motion, ruling as follows:  "In this matter, the court did find Officer Hansen's testimony regarding the knock-notice to be credible. And the warrantless entry into the apartment was also lawful based upon Ms. Coleman's parole status. [¶] And the Court is also satisfied that the defendant's consent for the search of the apartment was voluntary. [¶] The officer's statements regarding the fact that his supervisor was applying for a warrant does not ... vitiate the defendant's consent."

On June 3, 2008, Petitioner pled no contest to possession for sale of methamphetamine.  The Santa Clara County Superior Court sentenced Petitioner to six months in jail and three years of probation.  Petitioner appealed her conviction and sentence to the California Court of Appeal, arguing that the trial court erred in denying her motion to suppress.  The Court of Appeal rejected Petitioner's claim and affirmed the judgment.  The California Supreme Court denied Petitioner's petition for review.  The United States Supreme Court denied her petition for writ of certiorari.

Through counsel, Petitioner has now filed a petition for a writ of habeas corpus.  In particular, she alleges that her conviction was obtained as a result of an illegal search and seizure in violation of the Fourth Amendment.  Respondent timely filed an Answer.  Petitioner did not file a Traverse.

II.     **STANDARD OF REVIEW**

The instant petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  Under AEDPA, a federal court cannot grant habeas relief with respect to any claim adjudicated on the merits in a state-court proceeding unless the proceeding "resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

A state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [its] precedent." Lockyer v. Andrade, 538 U.S. 63, 73 (2003) (internal quotation marks omitted).

## III.   DISCUSSION

Petitioner alleges that her "conviction was obtained as a result of a search and seizure in violation of the Fourth Amendment." Pet. at 3. More specifically, she argues that she was deprived of a full and fair hearing on her Fourth Amendment claim on the theory that the Court of Appeal "refused to adjudicate her claim of an illegal detention." Pet. at 4. Petitioner also argues that "[t]he California Court of Appeal … did not decide the Constitutional issue based on [a federal] … standard, but rather based on California case law." Pet. at 4.

The Court finds that Petitioner's claim is barred by Stone v. Powell, 428 U.S. 465 (1976). Under Stone, "[a] Fourth Amendment claim is not cognizable in federal habeas proceedings if a petitioner has had a full and fair opportunity to litigate the claim in state court." Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996) (citing Stone, 428 U.S. at 481-82). "The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." Id. The Ninth Circuit has expressly held that California's suppression procedures, which are set forth in California Penal Code Section 1538.5, provide an adequate opportunity to litigate a Fourth Amendment claim. Gordon v. Duran, 895 F.2d 610, 613-14 (9th Cir. 1990).

In an attempt to sidestep Stone, Petitioner argues that she "was not given a full and fair hearing on her Fourth Amendment claims in the California Court of Appeal." (Pet. at

3.) However, Petitioner does not contend that she was deprived of her rights under Penal Code section 1538.5 to litigate her motion to suppress.[2]  Rather, Petitioner's claim is predicated upon the notion that the Court of Appeal wrongly decided her appeal.  Stone does not create an exception for erroneously-decided appeals from the denial of a motion to suppress.  Ortiz-Sandoval, 81 F.3d at 899.  Ultimately, it is the existence of a state procedure allowing an opportunity for full and fair litigation of Fourth Amendment claims, rather than a defendant's actual use of those procedures, that bars federal habeas consideration of those claims.  See Gordon v. Duran, 895 F.2d 610, 613-14 (9th Cir. 1990).  Accordingly, the Court finds that Petitioner's habeas claim is not cognizable.

## IV. CONCLUSION

The Court finds that Petitioner's claim is barred by Stone.  The Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c).  "Reasonable jurists would not "find [this Court's] assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Accordingly,

IT IS HEREBY ORDERED THAT the petition for a writ of habeas corpus is DENIED.  The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: 3/31/14

          *Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge

---

[2] Here, the state trial court accepted briefs, and conducted a hearing on Petitioner's motion to suppress. See Resp. Ex. 1 at 108-12, 113-23. The record, and specifically, the transcript of the hearing, shows that witnesses for both sides were examined and cross examined. Additionally, the attorneys for both sides presented oral arguments and written arguments contained in their motion papers. After taking the evidence and arguments into consideration, the trial court made a reasoned decision in concluding that Petitioner knowingly and voluntarily consented to the officers' search of her bedroom. The trial court found no Fourth Amendment violation. Thus, there can be no legitimate dispute that Petitioner was afforded a full and fair chance to litigate her Fourth Amendment claim.